UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASOOD KHAN,<br><br>        Plaintiff,<br><br>    v.<br><br>GREENSPAN COMPANY, et al.,<br><br>        Defendants. | Case No. 20-cv-01121-VC<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO SEAL AND STRIKE**<br><br>Re: Dkt. Nos. 15, 20 |

      Khan has forsaken any claim related to employee benefit plans, such as his claims that the defendants mismanaged the ESOP or that he didn't receive benefits to which he was entitled under the ESOP. *See Marin General Hospital v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944–47 (9th Cir. 2009) (describing the applicable standard for complete preemption under ERISA). The lawsuit now raises only state-law claims not implicating ERISA, and over which this Court has only supplemental jurisdiction, as the defendants appear to concede. *See* Dkt. No. 19 at 2. The Court therefore exercises its discretion to remand the lawsuit to state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Khan's request for attorney's fees is denied.

      The motion to seal and strike is denied. The Court is skeptical that any material in the Complaint is sealable, at least on the evidence submitted at this stage in the lawsuit. But at a minimum, the motion to seal the entire complaint is grossly overbroad. *See* Standing Order for Civil Cases before Judge Vince Chhabria ¶¶ 29-32. If the defendants still wish to seal the complaint on this docket, they may file a renewed sealing request that is much more narrowly tailored. Any renewed motion to seal must be filed within 14 days of this order.

The Court declines to address the defendants' arguments that privileged material in the complaint must be stricken. The defendants may seek to renew those arguments in state court.

The case is ordered remanded to San Francisco Superior Court. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: June 29, 2020

VINCE CHHABRIA
United States District Judge